**In the Matter of Sophia SABROSKY, Incapacitated Person—Appellant,**

v.

**DENVER DEPARTMENT OF SOCIAL SERVICES, Petitioner–Appellee.**

No. 87CA1968.

Colorado Court of Appeals, Div. A.

May 4, 1989.

Rehearing Denied June 15, 1989.

Certiorari Denied Oct. 16, 1989.

Jeffery A. Adler, Lakewood, for incapacitated person-appellant.

Stephen H. Kaplan, City Atty. and Bruce E. Turner, Asst. City Atty., Denver, for petitioner-appellee.

Opinion by Chief Judge KELLY.

Sophia Sabrosky appeals the judgment of the Denver Probate Court finding her to be an incapacitated person and ordering the appointment of the Denver Department of Social Services as her guardian. We reverse.

The department initiated guardianship proceedings pursuant to § 15–14–303, C.R.S. (1987 Repl.Vol. 6B) on the ground that Sabrosky was incapable of making responsible decisions for herself. A hearing was held before a referee of the probate court at which Sabrosky's attorney argued that the department should be required to prove her incapacity and the need for a guardian by clear and convincing evidence. The referee disagreed and made his findings according to the preponderance of the evidence.

Sabrosky sought judicial review in the probate court pursuant to C.R.R. 6(e)(2), asserting that the referee applied the wrong standard of proof. The probate court found that the standard was correct and entered judgment adopting the referee's order.

Sabrosky contends that the probate court erred in applying a preponderance of the evidence as the burden of proof. Specifically, she argues that, because a guardianship proceeding may result in the deprivation of such fundamental rights as the right to make personal decisions and the right to manage finances, the party seeking to impose guardianship should be held to a clear and convincing evidence standard of proof. We agree.

■ Section 13–25–127, C.R.S. (1987 Repl.Vol. 6A) provides that "the burden of proof in any civil action shall be by a preponderance of the evidence." However, in civil actions which implicate constitutional concerns, the burden of proof is by clear and convincing evidence. *See Gerner v. Sullivan,* 768 P.2d 701 (Colo.1989).

At issue here is the balance between the allegedly incapacitated person's interest in retaining the power of self-determination and the state's interest in providing care and treatment for its incapacitated citizens. *See People v. Taylor,* 618 P.2d 1127 (Colo. 1980) (applying the clear and convincing evidence standard to a civil commitment).

■ Although the restrictions on personal freedom involved in appointment of a guardian are less intrusive than those involved in civil commitment, they are nevertheless substantial. Section 15–14–312, C.R.S. (1987 Repl.Vol. 6B) describes the general powers and duties of a guardian for an incapacitated person. These include the right to establish the ward's residence, the ability to consent to medical care and treatment of the ward, the right to manage the ward's finances, and "the same powers, rights, and duties ... that a parent has respecting his unemancipated minor child...."

The possibility of being deprived of such basic liberties raises constitutional concerns which are not adequately addressed if proof is by a preponderance of the evidence. We do not agree, as the department argues, that adoption of the clear and convincing evidence standard will limit guardianships to the most egregious cases only. It will, rather, minimize the risk of an erroneous decision and ensure that the individual's need for a guardian is "highly probable." *See People v. Taylor, supra.* Thus, we conclude that proof by clear and convincing evidence is required in guardianship proceedings.

Other jurisdictions which have addressed this issue have also found that clear and convincing evidence is the proper standard. *See In re Boyer,* 636 P.2d 1085 (Utah 1981) (clear and convincing evidence is needed to protect the putative ward's liberty interests); *In re Guardianship of Corless,* 2

Ohio App.3d 92, 440 N.E.2d 1203 (Ohio Ct.App.1981) ("the consequences to the proposed ward are so drastic that nothing less than [clear and convincing evidence] will adequately protect the rights of that person"); *In re Estate of Galvin,* 112 Ill. App.3d 677, 68 Ill.Dec. 370, 445 N.E.2d 1223 (1983) (guardianship appropriate only in accordance with the "manifest weight of the evidence"); *In re Richard,* 655 S.W.2d 110 (Mo.Ct.App.1983) (proof of incapacity must be by clear and convincing evidence).

Accordingly, the judgment of the probate court is reversed and the cause is remanded for a determination whether Sabrosky's incapacity and need for a guardian were proved by clear and convincing evidence.

STERNBERG and NEY, JJ., concur.