The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 17, 2018

## 2018COA74

**No. 17CA0473, *In the Interest of Spohr* — Probate — Persons
Under Disability — Guardianship of Incapacitated Person —
Notice**

In this proceeding, a division of the court of appeals concludes

that where a respondent in a proposed guardianship does not

receive notice by personal service as required by section 15-14-

309(1), C.R.S. 2017, the district court lacks jurisdiction over the

respondent and is therefore precluded from granting a petition for

guardianship.  The division also discusses the proper procedures

for appointing an emergency guardian under section 15-14-112,

C.R.S. 2017.

The division further rejects the petitioner's contention that the

respondent waived service by participating in the proceedings,

because under section 15-14-114, C.R.S. 2017, a respondent cannot waive service.

Under these circumstances, the district court lacked jurisdiction over the respondent.  Accordingly, the division vacates the district court's judgment granting the petition for guardianship.

COLORADO COURT OF APPEALS       **2018COA74**

---

Court of Appeals No. 17CA0473
Fremont County District Court No. 16PR30060
Honorable Stephen A. Groome, Judge

---

In the Interest of Edward William Spohr, Protected Person,

Appellant,

v.

Fremont County Department of Human Services,

Appellee.

---

JUDGMENT VACATED

Division III
Opinion by JUDGE TERRY
Webb and Rothenberg*, JJ., concur

Announced May 17, 2018

---

David R. Brown Law LLC, David R. Brown, Cañon City, Colorado, for
Respondent-Appellant

Daniel Slater Law, Daniel B. Slater, Cañon City, Colorado; Nicole L. Bartell,
Cañon City, Colorado, for Petitioner-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1 It is beyond dispute that due process measures should be followed when someone — and especially a government entity — attempts to impose a guardianship on a person (referred to by statute as a respondent). Provisions of the Colorado Probate Code have been enacted to ensure such due process. Those provisions require, as relevant to this case, that when a guardianship is being sought in court, personal service of a notice of hearing on a petition for guardianship has to be made on the respondent. The respondent here, Edward William Spohr, argues for the first time on appeal that he did not receive personal service of such a hearing. Because those statutory provisions cannot be waived by a respondent, and were not followed here, we vacate the judgment imposing a guardianship on Spohr.

## I. Background

¶ 2 This case began on July 15, 2016, when the Fremont County Department of Human Services filed a petition for emergency appointment of a guardian for Spohr in the district court under section 15-14-312, C.R.S. 2017.

¶ 3 The district court magistrate appointed counsel for Spohr and held an emergency hearing three days later. There is no transcript

1

of the hearing, and no indication in the record that Spohr was present or that he received any notice of the hearing. In a July 19, 2016, order, the magistrate ruled that notice under section 15-14-312 was "[d]ispensed with because the Court finds from testimony that [Spohr] will be substantially harmed if the appointment is delayed." Apparently based on testimony at the hearing, the court found that Spohr "[could] not function independently in the community and that Valley View Health Care Center [would] only admit him if he [had] a guardian"; that delaying the appointment would result in substantial harm to Spohr's health, safety, or welfare; and that no other person appeared to have authority or willingness to act for him. At the end of the hearing, the court appointed the Department as emergency guardian for Spohr. (The Department later designated its employee Daniel Nix as guardian.)

¶ 4     In the order appointing the emergency guardian, the court required notice of the appointment to be personally served on Spohr within forty-eight hours, as required by section 15-14-312(2). But the record is devoid of any proof that personal service was made on Spohr of a notice that Nix had been appointed as his emergency guardian. The order said, "[t]his emergency guardianship expires

2

on September 17, 2016 (date not to exceed 60 days from appointment)."

¶ 5 The proceedings involving Spohr were plagued by delays and became very protracted. Despite the proviso in section 15-14-312(1) that the appointment of an emergency guardian "may not exceed sixty days," the court did not hold another hearing on the question of Spohr's guardianship for more than six months and the emergency guardianship remained in place in the interim. The following events help to explain some of the delay.

¶ 6 The hearing on the petition for permanent guardianship was set for September 28. But on September 19, Spohr's counsel filed a motion to continue the hearing due to a calendaring conflict and the death of a witness. The trial court granted the motion and postponed the hearing in an order dated September 20.

¶ 7 In that order, the court said, "[t]he Emergency Guardianship shall remain in effect until further order of the Court. . . . By analogy[,] [Spohr] has waived his right to a speedy trial which allows the emergency guardianship to remain in effect." (Though the court cited section 15-14-312, that section does not make any reference to an ability to waive the right to a hearing following

3

emergency appointment of a guardian and does not reference "speedy trial.")

¶ 8 The first indication in the record that service of any kind was made on Spohr is a notice showing that he was served by mail with the September 19 motion for continuance and the order granting the motion, as noted on a copy of Judicial Department Form (JDF) 717. (The form, which is a standard judicial department certificate of service form, notes that it "cannot be used in cases where personal service is required," and that JDF 718 must be used instead.)

¶ 9 No other indications of service on Spohr appear in the record. Most notably, there is no indication that he was served with notice of the February 14, 2017, hearing at which a permanent guardian was appointed for him.

¶ 10 The trial court record includes a finding that the "required notices have been given or waived." But the court file contains no indication whether the notices required by section 15-14-309(1), C.R.S. 2017, and section 15-14-312(2) were ever provided to Spohr. We therefore remanded the case to the district court on a limited

basis for the court to make findings about whether the required notices were ever served on him.

¶ 11    On remand, the district court held a hearing to determine whether Spohr was properly served.  The Department presented no further information, and the court found that the record remained unclear as to service.

II.  Notice and Service of Process Under the Probate Code

¶ 12    As relevant here, C.R.P.P. 8 provides that notice and service of process are governed by the applicable provisions of the Probate Code.

¶ 13    Article 14 of Title 15 of the Colorado Revised Statutes applies to protection of persons under a disability.  This case implicates sections 15-14-309 and 15-14-312, which both contain requirements for provision of notice in proceedings for appointment of a guardian for an incapacitated person.

A.  Emergency Guardianship for an Incapacitated Person

¶ 14    Section 15-14-312(1) of the Probate Code allows a court to find, in an appropriate case, that compliance with the ordinary provisions of sections 15-14-301 to -319, C.R.S. 2017, governing appointment of a guardian "will likely result in substantial harm to

5

the respondent's health, safety, or welfare, and that no other person appears to have authority and willingness to act in the circumstances." If the court makes such a finding, the court may appoint an emergency guardian whose authority may not exceed sixty days, and who may exercise those powers specified in the order. § 15-14-312(1). The court appointing an emergency guardian must appoint a lawyer to represent the protected person throughout the emergency guardianship. *Id.*

¶ 15    The Probate Code would have allowed the appointment of an emergency guardian to be made without notice to Spohr only if the court found, based on testimony at the emergency hearing, that he would have been "substantially harmed if the appointment [were] delayed." *See* § 15-14-312(2). The magistrate made such a finding with respect to Spohr.

¶ 16    Subsection 312(2) provides that if the protected person was not present at the hearing for appointment of an emergency guardian, "the respondent must be given notice of the appointment within forty-eight hours after the appointment." No evidence appears in the record to indicate that Spohr was given such notice.

## B. Non-Emergency Guardianship for an Incapacitated Person

¶ 17    Section 15-14-309 contains requirements for notice in proceedings for appointment of a guardian for an incapacitated person.  That section makes no mention of an emergency situation.  And the Probate Code does not delineate how any transition is to be made from an emergency guardianship under section 15-14-312 to a non-emergency guardianship under section 15-14-309.

¶ 18    In the absence of a statutory provision governing the transition from an emergency guardianship to a non-emergency guardianship for an incapacitated person, we conclude that, at the end of the sixty-day maximum period for an emergency guardianship, if a guardianship is still sought for the protected person, the provisions of section 15-14-304, C.R.S. 2017, for judicial appointment of a guardian on a non-emergency basis must be followed.

¶ 19    A petition for guardianship under section 15-14-304 would trigger the requirements of section 15-14-305, C.R.S. 2017, including provisions for appointment of a visitor under subsection (1) and potential appointment of counsel under subsection (2).

¶ 20    The following notice provisions of section 15-14-309(1) would also apply to the petition for guardianship:

> *A copy of a petition for guardianship and notice of the hearing on the petition must be served personally on the respondent.* The notice must include a statement that the respondent must be physically present unless excused by the court, inform the respondent of the respondent's rights at the hearing, and include a description of the nature, purpose, and consequences of an appointment. *A failure to serve the respondent with a notice substantially complying with this subsection (1) is jurisdictional and thus precludes the court from granting the petition.*

(Emphasis added.)

¶ 21    Because the service of notice is jurisdictional, the lack of notice may be raised at any time, even for the first time on appeal. *See Town of Carbondale v. GSS Props., LLC*, 169 P.3d 675, 679-81 (Colo. 2007).

### III.  Application of Notice Provisions to Spohr

#### A.  Notice of the Emergency Petition for Guardianship

¶ 22    Nothing in the record shows that Spohr was given the notice required by section 15-14-312(2) within forty-eight hours after the appointment of Nix as his emergency guardian.

8

¶ 23     Arguably, a written waiver of service by Spohr's appointed counsel might have been permitted by section 15-14-114, C.R.S. 2017, but no such waiver appears in the record. And that section further provides that "a respondent, ward, or protected person may not waive notice." Therefore, Spohr did not waive notice of the appointment and the ability to request a hearing on the emergency guardian's appointment.

¶ 24     The court must hold a hearing on the appropriateness of the appointment of an emergency guardian within fourteen days after the court's receipt of a request for such a hearing. § 15-14-312(2). Nothing in the record reflects that such a hearing was requested or was even discussed with Spohr.

¶ 25     Although section 15-14-312(1) provides that an emergency guardian's authority may not exceed sixty days, Nix continued on as Spohr's emergency guardian long after sixty days had passed.

B.  Notice of Hearing on Non-Emergency Guardianship Appointment

¶ 26     The record also contains nothing to show that Spohr was provided with the notice required by section 15-14-309(1) before his non-emergency guardianship hearing. That subsection required personal service on Spohr of a copy of the petition for

9

(non-emergency) guardianship and notice of a hearing on the petition. "A failure to serve the respondent with a notice substantially complying with [subsection 309(1)] is jurisdictional and thus precludes the court from granting the petition." § 15-14-309(1).

¶ 27 The reader will recall that the court found a waiver of the statutory timeframes for holding a hearing on the guardianship by analogy to waiver of a right to speedy trial in a criminal case. But we can find no provision of the Probate Code that would permit waiver of a protected person's right to have a hearing on a guardianship petition within the statutory deadlines. A finding of implied waiver is particularly inappropriate in the context of a person under a disability. *Cf.* § 15-14-114 (a respondent, ward, or protected person may not waive notice in guardianship and conservatorship proceedings).

¶ 28 By the same token, we reject the Department's argument that Spohr's participation in the February 14 hearing (to which he was transported in a wheelchair) was a waiver of the required statutory notice. The Department has not explained — nor can we discern —

10

how a person so lacking in capacity as to need the appointment of a guardian could validly waive statutory notice of a hearing.

¶ 29    And even though subsection (1) of section 15-14-309 makes reference to "notice substantially complying" with that subsection, we do not need to resolve whether there was "substantial compliance" with notice provisions here, because the record contains no evidence that Spohr was served with *any* notice of the February 14, 2017, hearing on the petition for guardianship. *Cf. Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1255 (Colo. 2003) (where a notice provision is jurisdictional, strict compliance is generally required).

¶ 30    The failure to personally serve the respondent fourteen days before a guardianship hearing is jurisdictional and a respondent cannot waive service. *See* §§ 15-14-113(1), -114, -309(1), C.R.S. 2017.  We therefore conclude that, because there is no proof that the service required by section 15-14-309(1) was made on Spohr, the court lacked jurisdiction to appoint a permanent guardian for him under section 15-14-311, C.R.S. 2017.

## IV.  Conclusion

¶ 31    The judgment is vacated.

11

JUDGE WEBB and JUDGE ROTHENBERG concur.