The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 14, 2019

## 2019COA171

**No. 18CA1918, *In Interest of Spohr* — Probate — Persons Under
Disability — Guardianship of Incapacitated Person — Notice**

A division of the court of appeals considers whether the
guardianship notice statute, section 15-14-309, C.R.S. 2019,
requires notice to the respondent by personal service of a
rescheduled guardianship hearing where the respondent was given
proper notice of an earlier scheduled hearing. The division
concludes that it does not.

The division also concludes that sufficient evidence supported
the district court's decision that the respondent's needs could not
be addressed by less restrictive means and that the court did not
abuse its discretion by refusing to continue the rescheduled
hearing. Therefore, the division affirms the order.

COLORADO COURT OF APPEALS                                    **2019COA171**

Court of Appeals No. 18CA1918
Fremont County District Court No. 18PR30057
Honorable Stephen A. Groome, Judge

In the Interest of

Edward William Spohr, Protected Person,

Appellant,

and

Fremont County Department of Human Services,

Appellee.

ORDER AFFIRMED

Division IV
Opinion by JUSTICE MARTINEZ*
Furman and Navarro, JJ., concur

Announced November 14, 2019

David R. Brown Law LLC, David R. Brown, Canon City, Colorado, for Appellant

Brenda L. Jackson, County Attorney, Nicole L. Bartell, Assistant County Attorney, Canon City, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     Respondent,[1] Edward William Spohr, appeals the district court's order appointing the Fremont County Department of Human Services (Department) as his guardian. We hold that the guardianship notice statute did not require notice to the respondent by personal service of a rescheduled guardianship hearing because he had proper notice of an earlier scheduled hearing. We also hold that the evidence was sufficient to support the district court's decision that the respondent's needs could not be addressed by less restrictive means and that the court did not abuse its discretion by refusing to continue the rescheduled hearing. Thus, we affirm.

## I.     Factual Background and Procedural History

¶ 2     Spohr is a seventy-nine-year-old resident at the Valley View Health Care Center (Valley View). Prior to this case, the district court had appointed the Department as Spohr's guardian. On May 17, 2018, a prior division of this court reversed the appointment for lack of jurisdiction because the Department had failed to personally serve Spohr with notice of the guardianship hearing. *Spohr v. Fremont Cty. Dep't of Human Servs.*, 2018 COA 74, ¶ 30. The

---

[1] The protected person in a guardianship proceedings is titled "respondent" under the applicable statute.

1

Department petitioned the district court the next day to be re-appointed as Spohr's permanent guardian and also as his emergency guardian in the interim. It filed an amended petition the following week to request only a permanent guardianship, as it no longer considered an emergency guardianship necessary.

¶ 3    The following week, on May 24, 2018, the district court appointed a court visitor and ordered the visitor to conduct an investigation into the allegations of the guardianship petition pursuant to section 15-14-305(1), C.R.S. 2019. The order specified that the hearing on the guardianship petition would occur on June 12, 2018.

¶ 4    On May 31, the Department filed a notice of a personal service affidavit. The attached personal service affidavit stated that Spohr had been personally served with the original and amended guardianship petitions, as well as a hearing notice on May 25, 2018. The hearing notice stated that the hearing on the guardianship petition would be held on June 12, 2018. The visitor filed a report on June 7, 2018, concluding that Spohr needed a guardian.

¶ 5   The court held a hearing on the petition on June 12, 2018. A transcript of the hearing is not in the record, but the parties agree that at the hearing the court appointed counsel for Spohr and appointed the Department as Spohr's emergency guardian. The court entered written orders of these rulings the next day. The record indicates that the court continued the hearing on the permanent guardianship appointment at Spohr's request.

¶ 6   On June 14, the Department filed a notice of a "continued hearing" on the petition for a guardianship appointment, set for July 18, 2018. The Department served the notice on Spohr's counsel electronically. Spohr then requested that a professional evaluation be performed to evaluate his current mental health and ability to make his own decisions, and asked that the July 18th hearing be continued so that a report on the evaluation could be completed. The court granted both requests.

¶ 7   The Department filed another notice of a continued hearing on the guardianship petition, listing that hearing's date as August 28, 2018. This was also served on Spohr's counsel electronically.

¶ 8   A psychologist performed the professional evaluation and filed a ten-page report, concluding that Spohr could not effectively

3

receive and evaluate complex information and that a guardian was needed to ensure that his basic needs were met and to protect his assets.

¶ 9     On August 28, 2018, the district court held a hearing on the guardianship petition.  The Department presented testimony from a Department caseworker who worked with Spohr, a social service director at Valley View, Spohr's physician, and the psychologist who performed the professional evaluation.  Spohr also testified.  The court appointed the Department as Spohr's guardian.

## II.     The District Court Had Jurisdiction

¶ 10     Spohr contends that the district court lacked jurisdiction to appoint the Department as his guardian because the Department failed to comply with the guardianship notice statute, section 15-14-309, C.R.S. 2019.  We disagree.

### A.     Standard of Review and Applicable Law

¶ 11     Proper notice under the guardianship statute is a jurisdictional requirement, which Spohr may raise for the first time on appeal.  *Spohr*, ¶ 21 (citing *Town of Carbondale v. GSS Props., LLC*, 169 P.3d 675, 679-81 (Colo. 2007)).  We review de novo whether a trial court had jurisdiction.  *See Dorsey & Whitney LLP v.*

4

*RegScan, Inc.*, 2018 COA 21, ¶ 10; *State ex rel. Suthers v. Johnson Law Grp., PLLC*, 2014 COA 150, ¶ 14.

¶ 12 We also review de novo whether a trial court properly applied the relevant statute. *Arguello v. Balsick*, 2019 COA 20M, ¶ 14. When interpreting a statute, we strive to give effect to the legislature's intent. *In re Estate of Morgan*, 160 P.3d 356, 358 (Colo. App. 2007). We do so by giving the statute's words and phrases their plain and ordinary meanings. *Miller v. Hancock*, 2017 COA 141, ¶ 24. "[W]e interpret the statute in a way that best effectuates the purpose of the legislative scheme." *Morgan*, 160 P.3d at 358. "If a statute is clear and unambiguous on its face, then we need not look beyond the plain language, and 'we must apply the statute as written.'" *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo. 2004) (citations omitted).

¶ 13 Subsection (1) of section 15-14-309 requires a petitioner to personally serve a respondent in a guardianship proceeding and specifies that failure to serve is jurisdictional:

> A copy of a petition for guardianship and notice of the hearing on the petition must be served personally on the respondent. The notice must include a statement that the respondent must be physically present unless

5

excused by the court, inform the respondent of the respondent's rights at the hearing, and include a description of the nature, purpose, and consequences of an appointment. A failure to serve the respondent with a notice substantially complying with this subsection . . . is jurisdictional and thus precludes the court from granting the petition.

Notice of a hearing must also "be given . . . at least fourteen days before the hearing." § 15-14-113(1), C.R.S. 2019. A respondent cannot waive service. *See* §§ 15-14-113(1), -114, -309(1), C.R.S. 2019; *Spohr*, ¶ 30.

## B.  Analysis

¶ 14  Spohr argues that the Department failed to comply with subsection 309(1)'s personal service requirement because it did not personally serve him with notice of the August 28, 2018, guardianship hearing. Acknowledging that he was personally served with notice of the June 12, 2018 hearing, Spohr maintains the petitioner was required to personally serve him again with a new notice because the hearing was continued. This reading of the statute presents an issue of first impression for this court.

¶ 15  We conclude that section 15-14-309 does not require a petitioner to personally serve a respondent with additional notice of

a rescheduled guardianship hearing when personal service was initially proper.

¶ 16    First, subsection 309(1) only refers to a singular "notice" of "the hearing." Failure to "serve the respondent with *a* notice" is jurisdictional. § 15-14-309(1) (emphasis added); *Spohr*, ¶ 30. A notice was given here. The record shows that Spohr was personally served on May 25, 2018, with a copy of the petition and notice of the June 12, 2018, hearing on the guardianship petition. Nothing in the plain language of the statute requires additional notices when the guardianship hearing is continued. Thus, this case is easily distinguishable from *Spohr*, ¶ 26, because there was no evidence that *any* notice was served on him in that case.

¶ 17    Second, our interpretation of subsection 309(1)'s language best effectuates the statute under the statutory scheme as a whole. *People v. Yoder*, 2016 COA 50, ¶ 17 ("[W]e must also look at the statute as a whole in order to interpret the meaning and purpose of its language."); *Morgan*, 160 P.3d at 358. Subsection 309(1) requires the hearing notice to include certain substantive information about the guardianship proceedings and consequences, the respondent's required presence, and the respondent's rights. If

7

these requirements are not "substantially compl[ied] with," the trial court loses jurisdiction to enter a guardianship order. § 15-14-309(1). These notice requirements "have been enacted to ensure . . . due process." *Spohr,* ¶ 1 ("It is beyond dispute that due process measures should be followed when someone — and especially a government entity — attempts to impose a guardianship on a person[.]"); *Estate of Milstein v. Ayers,* 955 P.2d 78, 81 (Colo. App. 1998) ("Because a guardianship proceeding involves a potential deprivation of fundamental rights and liberties, it implicates constitutional issues."). Thus, the notice's purpose is to inform the respondent about the potential consequences a guardianship proceeding could have on his or her rights and liberties.

¶ 18 Requiring the petitioner to personally serve the respondent with a notice of a guardianship hearing serves to protect these rights. Requiring the petitioner to serve additional notices would not further protect a respondent's rights under the statutory scheme. A respondent is already required to attend the guardianship hearing unless excused for good cause by the court, and the petitioner is already required to "make every reasonable

8

effort to secure the respondent's attendance at the hearing."
§ 15-14-308(1), (3), C.R.S. 2019.  Also, before a guardianship hearing occurs, the visitor must interview the respondent and "[e]xplain to the respondent the substance of the petition, the nature, purpose, and effect of the proceeding, the respondent's rights at the hearing, and the general powers and duties of a guardian," among other information.  § 15-14-305(3)(a).  Thus, the statutory scheme already protects a respondent's right to attend a guardianship hearing that has been continued.  Finally, the rationale behind a reading that would require personal service to obtain jurisdiction, where the court already had jurisdiction and continued the hearing at the request of the respondent, who was represented by counsel, is difficult to fathom.

¶ 19    For these reasons, we conclude subsection 309(1) does not require a petitioner to personally serve the respondent with additional notice of a continued guardianship hearing when the respondent was already personally served.

III.    Sufficient Evidence Supported the Court's Finding

¶ 20    Spohr contends that the district court erred in appointing the Department as his guardian because the court's order did not

9

provide "any reasoning or exploration as to why [Spohr's] identified needs could not be met by less restrictive means," as required by section 15-14-311, C.R.S. 2019.  Thus, Spohr argues, there was insufficient evidence to appoint a guardian.  We disagree.

### A.  Standard of Review and Applicable Law

¶ 21    In reviewing for sufficient evidence, we examine whether the evidence, considered in the light most favorable to the prevailing party, is sufficient to support the verdict.  *Hildebrand v. New Vista Homes II, LLC*, 252 P.3d 1159, 1172 (Colo. App. 2010).  Because a guardianship appointment "implicate[s] constitutional concerns," the petitioner's burden of proof "is by clear and convincing evidence."  *Sabrosky v. Denver Dep't of Soc. Servs.*, 781 P.2d 106, 107 (Colo. App. 1989); *see In re Estate of Runyon*, 2014 COA 181, ¶ 10.  Thus, in sufficiency of the evidence appeals of rulings under title 15, "'the factual findings of the trial court sitting without a jury are not to be disturbed unless clearly erroneous and not supported by the record.'  In such cases, appellate courts are 'obligated to search the record for evidence to support the findings of fact.'"  *Neher v. Neher*, 2015 COA 103, ¶ 54 (citations omitted); *see*

*Runyon*, ¶ 31 ("[T]he record does not adequately support the trial court's selection of [the respondent's] guardian and [conservator].").

¶ 22 We review de novo whether the court properly applied the law to its factual findings. *In re Parental Responsibilities of A.M.*, 251 P.3d 1119, 1121 (Colo. App. 2010).

¶ 23 The power to appoint a legal guardian for an incapacitated person lies with the district court. § 15-14-301, C.R.S. 2019. The court may appoint a guardian if it finds that the respondent is an incapacitated person whose needs cannot be met by less restrictive means. § 15-14-311; *Runyon*, ¶ 10.

## B. Analysis

¶ 24 First, as to Spohr's contention that the court's order was not sufficiently detailed, although thorough findings are preferable, "[a] trial court need only enter findings on the material and ultimate facts of the case. The trial court need not assert in detail which propositions are accepted and which are rejected, but may simply state that the evidence supports or repudiates a claim or defense." *Yoder v. Hooper*, 695 P.2d 1182, 1188 (Colo. App. 1984) (citations omitted), *aff'd*, 737 P.2d 852 (Colo. 1987); *see Moeller v. Colo. Real Estate Comm'n*, 759 P.2d 697, 703 (Colo. 1988) ("The brevity of a

trial court's findings and conclusions alone does not determine their validity."). Nonetheless, "the findings must be sufficient to allow the reviewing court to determine whether the decision is supported by competent evidence." *In re Marriage of Rodrick*, 176 P.3d 806, 813 (Colo. App. 2007).

¶ 25   The court's findings were sufficient for our review.

¶ 26   Section 15-14-311's limitation on appointing a guardian only where "identified needs cannot be met by less restrictive means" has not been construed by a published decision of this court. Because it appears in section 311 of the Uniform Guardianship and Protective Proceedings Act (Unif. Law Comm'n 1997), we may consider the comment to the Uniform Act. *Morgan*, 160 P.3d at 359. In relevant part, the comment provides as follows:

> The use of limited guardianship is emphasized in this section. If a guardian is to be appointed, the guardian shall be given only those powers needed to meet the ward's needs and limitations. . . . [A] guardian should be appointed only when necessary, only for as long as necessary, and with only those powers as are necessary.

Unif. Guardianship & Protective Proceedings Act § 311 cmt.

¶ 27 Thus, "less restrictive means" requires balancing a guardian's potential power against a respondent's autonomy, in light of other methods to meet the respondent's needs.

¶ 28 At the hearing, the court found that Spohr had "significant cognitive impairment, significant medical issues that require daily attention, and it's clear . . . that [Spohr] needs the [g]uardianship to remain permanent . . . in order to oversee [him] and make sure his needs are taken care of." In the court's later written order, it found that Spohr's needs could not be met by less restrictive means. It then made findings on "the nature and extent of [Spohr's] incapacity." Although Spohr argues that the court should have considered less restrictive means on the record, the court's findings make clear that it determined the permanent guardianship *was* the least restrictive means to address Spohr's needs. § 15-14-311.

¶ 29 We also conclude that sufficient evidence supported this finding. Several witnesses at the hearing said that Spohr required twenty-four-hour care. The Valley View social service director said that Spohr was not aware of the medications he took and could not provide for his own self-care or make his own decisions. Spohr's physician testified to his numerous impairments and said that

Spohr did not understand or remember his own diagnoses and that it was necessary for him to stay at a long-term care facility. Further, the Valley View director said that when Spohr was discharged to his home two years ago, he fired all of his appointed home health assistants and then contacted emergency services daily to assist him. In addition, the Department received numerous reports that Spohr needed help. Spohr's physician and the Department caseworker both said that there were no other appropriate facilities that would accept him as a resident. The caseworker also said that Spohr's relatives were not willing to be appointed as his guardian or let him live with them. The expert who performed the capacity evaluation said that Valley View was an appropriate placement for Spohr, given his needs.

¶ 30 Thus, because "[o]ur review of the record here reveals sufficient evidence to support the trial court's determination," we do not disturb the court's ruling. *Neher,* ¶ 65 (quoting *Wright Farms, Inc. v. Weninger,* 669 P.2d 1054, 1056 (Colo. App. 1983)).

## IV. The District Court Did Not Abuse Its Discretion by Denying Spohr's Request to Continue the Hearing

¶ 31    Spohr contends that the district court abused its discretion by denying his motion to continue the August 28, 2018, hearing because his illness prevented him from fully participating. We disagree.

¶ 32    We review a trial court's denial of a motion to continue for an abuse of discretion. *People v. Mandez*, 997 P.2d 1254, 1265 (Colo. App. 1999). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *Runyon*, ¶ 9. The moving party must show that the denial of the continuance resulted in actual prejudice. *See People v. Marsh*, 396 P.3d 1, 13 (Colo. App. 2011), *aff'd*, 2017 CO 10M.

¶ 33    As evidence that he was prejudiced, Spohr argues, without further elaboration, that he "was unable to participate as much as he ordinarily could have." There is no record evidence to support this claim. Spohr testified at the hearing. Further, the court conditioned its denial based on Spohr's ongoing condition:

> Why don't we proceed as far as we can and,
> and if . . . your client . . . gets to a point where
> he just can't go any further, then we can —
> let's try to at least start the hearing and

15

> understand that probably we're not going to be
> able to go all day, but we will see.  Let's just
> see what we can do.

The court also took a recess during the hearing at Spohr's request.

Spohr did not ask again to continue the hearing, nor did he tell the

court that he could not participate.  We cannot say in these

circumstances that the court abused its discretion.  *Id.*

## V.    Conclusion

¶ 34    The district court's order is affirmed.

JUDGE FURMAN and JUDGE NAVARRO concur.

16