25CA0276 Marriage of Caraway 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0276
Adams County District Court No. 24DR30008
Honorable Kelley R. Southerland, Judge

In re the Marriage of

Kara Caraway,

Appellee,

and

Brent Caraway,

Appellant.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

Boeckx Law, LLC, Natalie K. Boeckx, Englewood, Colorado, for Appellee

Lee Law, Linda Lee, Denver, Colorado, for Appellant

¶ 1 In this dissolution of marriage case between Brent Caraway (husband) and Kara Caraway (wife), husband appeals portions of the permanent orders addressing the sale of the marital home, decision-making responsibility for the parties' children, and maintenance. We affirm the judgment and remand the case for the district court to address wife's appellate attorney fee request under section 14-10-119, C.R.S. 2025.

## I. Background

¶ 2 The parties married in 2016 and have three children together. In 2024, the district court dissolved their marriage and entered permanent orders. As relevant here, the court (1) ordered the parties to sell the marital home; (2) awarded wife sole decision-making responsibility for all major decisions regarding the children; and (3) ordered husband to pay wife $2,384 in monthly maintenance for three years and six months.

## II. Marital Home

¶ 3 Husband contends that the district court erred by ordering the parties to sell the marital home. We disagree.

## A. Standard of Review

¶ 4 The district court has great latitude to equitably distribute marital property based on the facts and circumstances of each case, and we will not disturb its decision absent a clear abuse of discretion. *In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). The court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *In Interest of Spohr*, 2019 COA 171, ¶ 32.

## B. Discussion

¶ 5 Husband argues that the district court ordered the sale of the marital home "merely because [its] value . . . was disputed," without considering whether the sale served the best interests of the children. But contrary to husband's argument, the court explicitly acknowledged his "position that the home provides stability and comfort for the children." The court also considered wife's "argument that she requires her portion of the parties' largest marital asset to secure a stable living situation for herself and the children," emphasizing that there were "many equities [it] must balance here."

¶ 6     The court found that the parties had provided "insufficient information to determine a credible value for the home," a finding husband does not dispute. *See In re Marriage of Krejci*, 2013 COA 6, ¶ 23 ("The parties must present the court with sufficient data to make a reasonable valuation; any failure to do so does not provide grounds for reversal."). Ultimately, after a thorough discussion, the court determined that both parties were "motivated for the highest return on the home in the event of a sale" and that selling the home and dividing the proceeds would be the most equitable approach.

¶ 7     Because the record reflects that the court carefully weighed the equities, including the best interests of the children, and reached a reasoned decision, we discern no abuse of discretion.

### III.   Decision-Making Responsibility

¶ 8     Husband contends that the district court erred by awarding wife sole decision-making responsibility for all major decisions regarding the children. We disagree.

### A.   Governing Law and Standard of Review

¶ 9     The court is required to allocate decision-making responsibility based on the children's best interests. § 14-10-124(1.5), C.R.S. 2025. In making this determination, the court must "consider the

nine parenting time factors in section 14-10-124(1.5)(a) and three decision-making factors in paragraph (b) of the same subsection." *In re Marriage of Morgan*, 2018 COA 116M, ¶ 21.

¶ 10 Additionally, if there is a claim of domestic violence or if the court has reason to believe a party has committed domestic violence, the court must consider additional statutory factors before allocating parental responsibilities. § 14-10-124(4)(a). As relevant here, if the court finds by a preponderance of the evidence that one of the parties has committed domestic violence,

> [i]t shall not be in the best interests of the child[ren] to allocate mutual decision-making responsibility over the objection of the other party . . . unless the court finds that there is credible evidence of the ability of the parties to make decisions cooperatively in the best interest of the child[ren] in a manner that is safe for the abused party and the child[ren].

§ 14-10-124(4)(a)(II)(A).

¶ 11 "The allocation of decision-making responsibilities is within the sound discretion of the district court." *Morgan*, ¶ 23.

## B. Discussion

¶ 12 The district court found by a preponderance of the evidence that husband had committed domestic violence against wife.

Nevertheless, husband argues that the court erred by declining to allocate mutual decision-making responsibility over wife's objection because the court "admit[ted] that there was evidence that the [p]arties can cooperatively make decisions together."

¶ 13 Husband takes the court's reference to evidence of cooperative decision-making out of context. In full, the court stated as follows:

> [Wife] testified credibly about her belief that [husband] does not listen to her opinion or take into consideration her thoughts on decision-making. [Wife's] perspective was borne out on the issue of the children's school, as well as discussions about the children entering therapy. [Husband] made the school decision, and [husband] determined that the children would not attend therapy because of the cost. [Husband's] decisions were based on credible reasons, such as connection to the community and cost. However, [wife] felt [husband] dismissed her opinions on these issues.
>
> While the . . . record shows some instances of successful joint decision-making, the Court notes that these decisions were made primarily after both parties retained counsel, and were made while this dissolution matter was pending. The Court does not have evidence that the parties can make joint decisions in a way that is safe for [wife] without the potential of court intervention or counsel's assistance. Therefore, the Court cannot find that joint decision-making is in the children's best interest in this case. . . . The Court is

5

> persuaded by [wife's] credible testimony that [husband] does not generally consider her opinion regarding major decisions for the children at this time.

¶ 14 Because the record reflects that the court carefully considered the evidence concerning the parties' ability to make decisions cooperatively in a safe manner, *see* § 14-10-124(4)(a)(II)(A), we discern no abuse of discretion.

## IV. Maintenance

¶ 15 Husband contends that the district court erred by ordering him to pay wife $2,384 in monthly maintenance. Specifically, he argues that the court erred when it failed to (1) impute a higher income to wife; (2) give him "credit for the child support [he] pays for other children not of this marriage"; (3) make sufficient findings regarding the parties' reasonable financial needs; and (4) "make any analysis as to whether [he] could afford such an award of maintenance." We are not persuaded.

### A. Governing Law and Standard of Review

¶ 16 When considering a maintenance request, the court must make initial findings concerning each party's income, the marital property apportioned to each, the parties' financial resources, their

6

reasonable financial needs as established during the marriage, and whether maintenance will be deductible for federal income tax purposes by the payor spouse and taxable income to the recipient. § 14-10-114(3)(a)(I), C.R.S. 2025; *In re Marriage of Wright*, 2020 COA 11, ¶ 14.

¶ 17    After the court makes the initial findings under section 14-10-114(3)(a)(I), it must determine and consider the guideline amount and term of maintenance under section 14-10-114(3)(b), as well as consider the additional factors in section 14-10-114(3)(c). § 14-10-114(3)(a)(II)(A), (B); *see Wright*, ¶ 15.  The court then determines whether the requesting spouse qualifies for maintenance.  *See* § 14-10-114(3)(a)(II)(C), (d); *Wright*, ¶¶ 15-16.

¶ 18    We review the court's maintenance award for an abuse of discretion.  *Balanson*, 25 P.3d at 35.

## B.    Wife's Income

¶ 19    Husband argues that the district court abused its discretion by imputing wife's income at full-time minimum wage rather than $65,000 per year, the salary from her last full-time job.  But husband does not challenge any of the court's detailed factual findings concerning wife's income.  Specifically, the court found

7

that, although wife earned $65,000 per year at her last full-time job, she held that job for only four months and "was ultimately terminated because she lacked the training necessary to do the job." The court also found that wife had been a homemaker for the past nine years and that "her unemployment during the marriage resulted from a joint agreement with [husband] that he would be the sole financial provider." After noting that it had "received no vocational evaluation or other credible determination of [wife's] earning ability at this time," the court applied the factors set forth in section 14-10-115(5)(b.5)(II)(A)-(P), C.R.S. 2025, to determine wife's income for maintenance and child support purposes.

¶ 20     Husband argues that the court should have given greater weight to wife's salary from her last full-time job. But the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn from the evidence, are matters entrusted to the sole discretion of the district court. *In re Marriage of Amich*, 192 P.3d 422, 426 (Colo. App. 2007). Accordingly, we will not disturb its findings on appeal.

## C. Other Child Support

¶ 21 Husband argues that the district court abused its discretion by failing to give him "credit for the child support [he] pays for other children not of this marriage" when calculating his income for maintenance and child support purposes. But he did not preserve this argument in the district court.[1] Accordingly, we do not address it. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) (arguments not raised in the district court cannot be raised for the first time on appeal).

## D. Parties' Reasonable Needs

¶ 22 Husband argues that the district court abused its discretion by failing to make sufficient findings regarding the parties' reasonable financial needs as established during the marriage. *See* § 14-10-114(3)(a)(I)(D). As to this factor, the court found that

> [h]usband largely provided for the family's financial needs during the marriage, whereas [w]ife worked freelance, part-time, and on one occasion, full time. Wife testified credibly that the parties agreed [h]usband would be the primary financial provider and that [w]ife

---

[1] The document he cites, a child support obligation worksheet, shows "0.00" under his name in the row labeled "ordered child support payments for other children pursuant to [section] 14-10-115(6)(a), C.R.S. [2025]."

would stay home with the children, which is largely how the family was structured.

¶ 23     While the court's findings regarding the parties' reasonable financial needs were not extensive, we are not persuaded that it neglected this requirement. The court found that an award of maintenance was necessary because "[w]ife is currently unable to meet her needs independently" and the court could not "devise a distribution of marital property as it exists that obviates or reduces the need[] for maintenance." Although the court acknowledged that it had "heard little evidence regarding the parties' lifestyle during the marriage," it also found that "[h]usband contributed significantly to [w]ife's financial well-being during the marriage." Taken together, these findings were statutorily sufficient to show the parties' reasonable financial needs as established during the marriage.

## E.     Husband's Ability to Pay

¶ 24     Husband contends that the district court abused its discretion by failing to consider whether he could afford to pay $2,384 in monthly maintenance while still meeting his own reasonable needs. *See* § 14-10-114(3)(c)(II). As to this factor, the court found that

10

> [h]usband's annual salary is $130,000. Husband has the potential to earn a bonus worth 15% of his annual salary depending on the performance of the company. The Court was not made aware of separate property by which [h]usband might support himself. With careful planning, [h]usband has the ability to meet his needs while also paying maintenance.

¶ 25 Husband argues that, in making this finding, the court disregarded his sworn financial statement, which showed a monthly shortfall of $3,801 after subtracting deductions and expenses from his salary. But we conclude the court implicitly found that not all the expenses on husband's financial statement were necessary and reasonable by finding that, "[w]ith careful planning, [h]usband has the ability to meet his needs while also paying maintenance." *See In re Marriage of Nelson*, 2012 COA 205, ¶ 41 (holding that a district court's findings may be implicit); *Amich*, 192 P.3d at 424 ("The trial court can believe all, part, or none of a witness's testimony, even if uncontroverted . . . ."). Importantly, the deficit in husband's financial statement stemmed in large part from a $4,776 monthly mortgage payment, an obligation that will end once the marital home is sold. Under these circumstances, we are not persuaded that the district court failed to consider husband's ability to pay.

## V. Appellate Attorney Fees

¶ 26    Wife seeks attorney fees incurred on appeal under section 14-10-119, arguing that the parties' financial circumstances are disparate, and under section 13-17-102, C.R.S. 2025, and C.A.R. 38(b), arguing that husband's arguments are substantially frivolous.  We disagree that the appeal is frivolous and therefore deny wife's request under section 13-17-102 and C.A.R. 38(b).  *See Good Life Colo., LLC v. WLCO, LLC*, 2025 COA 8M, ¶ 107 (frivolous appellate arguments are those "so lacking in legal support that they [are] not rational" or interposed to harass or delay resolution of the case).  But we remand for the district court to determine wife's request under section 14-10-119.  Because the district court is better equipped to determine factual issues regarding the parties' current financial resources, we direct the court to address wife's section 14-10-119 request on remand.  *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30; C.A.R. 39.1.

## VI. Disposition

¶ 27    The judgment is affirmed, and the case is remanded for the district court to address wife's appellate attorney fee request under section 14-10-119.

JUDGE GROVE and JUDGE SCHOCK concur.